F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 26 2020 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIELLE DAVIDSON, SUSAN CHODKOWSKI,
GARY VOLPE, MATTHEW SARTER, WENDY
NEAL, DEBORAH PEDENZIN, ROSANNA
LAURO, and all others similarly situated,

                        Plaintiffs,

v.

COUNTY OF NASSAU,

                       Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 18-1182 (GRB)

**GARY R. BROWN, United States District Judge:**

Before the Court is a motion for judgment on the pleadings and for leave to amend the amended answer by defendant County of Nassau ("defendant" or "County"). Docket Entry ("DE") 88. For the reasons set forth herein, the motion for judgment on the pleadings is GRANTED to the extent set forth herein, and plaintiffs and defendant are given leave to replead.

## PROCEDURAL BACKGROUND

Plaintiffs Danielle Davidson, Susan Chodkowski, Gary Volpe, Matthew Sarter, Wendy Neal, Deborah Pedenzin, and Rosanna Lauro (collectively "plaintiffs") commenced this putative collective and class action by filing a verified complaint on February 23, 2018. Compl., DE 1. The case was originally assigned to the Honorable Arthur D. Spatt. Defendant filed an answer on May 1, 2018, and an amended answer on May 18, 2018. DE 11, 18. On July 20, 2018, defendant moved to consolidate this case with *Chodkowski v. County of Nassau*, No. 16-CV-5770, which case was assigned to the Honorable Sandra J. Feuerstein. DE 17. On September 18, 2018, Judge Spatt reassigned the case to Judge Feuerstein, but denied without prejudice the

1

motion to consolidate this case with *Chodkowski v. County of Nassau*. Electronic Order dated Sept. 18, 2018.

Plaintiffs moved to conditionally certify a collective action on November 8, 2018, and moved to certify a class action on December 3, 2018. DE 34, 41. On February 11, 2019, the case was transferred to the undersigned as U.S. Magistrate Judge upon the parties' consent to U.S. Magistrate Judge jurisdiction. DE 45.

On June 6, 2019, the Court conditionally certified a collective action. Minute Order dated June 6, 2019; DE 80. On July 9, 2019, the motion to certify a class action was deemed withdrawn without prejudice to renewal at a later date. Electronic Order dated July 9, 2019. Several parties consented to joining the collective action. *See* DE 57-59, 62-68, 70-72, 73-79. On December 12, 2019, defendant filed the instant motion. DE 88.

## FACTUAL BACKGROUND

Plaintiffs assert violations of the federal Equal Pay Act, 29 U.S.C. § 206(d)(1), and the New York State Equal Pay Act, New York Labor Law ("NYLL") § 194, based upon allegations that the predominantly female Police Communication Operators and Police Communication Operator Supervisors (collectively "PCOs") receive substantially less compensation than the predominantly male Fire Communication Technicians and Fire Communication Technician Supervisors (collectively "FCTs") within the County's Police Department. Compl. ¶¶ 2, 69-79.[1]

Plaintiffs are current and former PCOs within the County's Police Department Compl. ¶ 2, 29. The duties of PCOs include "receiving telephone calls placed on the County's 911

---

[1] Several of the plaintiffs' names appear to be male names, but this issue is not raised by any of the parties.

emergency system, deciding the appropriate response to each of the calls, and if necessary, dispatching the appropriate aid depending upon the gravity of the emergency situation." *Id.* at ¶ 29. Plaintiff alleges that "presently approximately 200 [PCOs] employed by the County, over 90% of whom, are female." *Id.* at ¶ 30.

As to FCTs, plaintiffs allege that FCTs are "employed within the same facility and perform virtually identical duties for the County" as PCOs. *Id.* at ¶¶ 2, 40. Plaintiffs also allege that the "overwhelming majority" of the FCTs are male. *Id.* at ¶ 41.

## LEGAL STANDARD

Under the Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts review Rule 12(c) motions under the same standard as a Rule 12(b)(6) motion to dismiss. *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009); *Arciello v. Cty. of Nassau*, No. 16-CV-3974 (ADS)(SIL), 2019 WL 4575145, at *7 (E.D.N.Y. Sept. 20, 2019). Thus, the Court will "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor." *Johnson*, 569 F.3d at 43 (citation omitted).

In the context of a discrimination complaint, the Second Circuit has held that "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to '"nudge[] [its] claims' . . . 'across the line from conceivable to plausible'" to proceed. . . ." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). Furthermore, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kairam v. West Side GI, LLC*, No. 19-447-CV, 2019 WL 6691512, at *1 (2d Cir. Dec. 9, 2019) (quoting *Iqbal*, 556 U.S. at 678). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 556 U.S. at 678).

## DISCUSSION

*1. Federal Equal Pay Act*

Defendant argues that because "the Complaint only alleges in conclusory fashion that PCOs and FCTs perform 'virtually identical' duties, without stating the FCTs' duties at all," plaintiffs have failed to plead that PCOs and FCTs perform "equal work on jobs requiring equal skill, effort, and responsibility" under the federal Equal Pay Act. Def.'s Br. 13, DE 88-1; Def.'s Reply Br. 7, DE 90. Plaintiffs allege that the allegation that PCOs and FCTs perform "virtually identical duties" is "a descriptor for the requisite job duties," and "more than sufficiently establishes a plausible claim for relief." Pls.' Br. 12-13, DE 89.

"[T]o prove a violation of the [federal Equal Pay Act], a plaintiff must demonstrate that '[(1)] the employer pays different wages to employees of the opposite sex; [(2)] the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and [(3)] the jobs are performed under similar working conditions.'" *Port Auth. of N.Y. & N.J.*, 768 F.3d at 254-55 (citations omitted); *see also Kairam*, 2019 WL 6691512, at *1. As to the second prong, a "plausible [federal Equal Pay Act] claim must include 'sufficient factual matter, accepted as true' to permit the reasonable inference' that the relevant employees' job *content* was 'substantially equal.'" *Port Auth. of N.Y. & N.J.*, 768 F.3d at 256; *see also Kairam*, 2019 WL 6691512, at *1.

4

In *Equal Employment Opportunity Commission v. Port Authority of New York and New Jersey*, the EEOC asserted that the Port Authority of New York and New Jersey "paid its female nonsupervisory attorneys at a lesser rate than their male counterparts for 'equal work,' in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d)." 768 F.3d at 248-49. The Second Circuit held the complaint cannot survive a motion to dismiss where it "stat[ed] nothing about the actual *content* of the work done by the dozens of attorneys either within or across practice areas at the Port Authority," but instead "alleged, in conclusory fashion that, 'all of the non-supervisory attorney jobs in [the Port Authority's] law department are substantially equivalent and require the same, skill, effort, and responsibility." *Id.* at 251; *see also id.* at 256-57.

Here, as in *Port Authority*, plaintiffs fail to allege "'sufficient factual matter, accepted as true' to permit the reasonable inference' that the relevant employees' job *content* was 'substantially equal.'" *Port Auth. of N.Y. & N.J.*, 768 F.3d at 256. Rather, the complaint merely alleges that male FCTs are "employed within the same facility and perform virtually identical duties for the County" as PCOs. Compl. ¶¶ 2, 40. As the Second Circuit has made clear, such conclusory assertions are insufficient to survive a motion for judgment on the pleadings. Therefore, the federal Equal Pay Act claim is dismissed without prejudice.

*2. New York State Equal Pay Act*

The County argues that because it is a "governmental agency" as defined by NYLL § 190(3), it is exempt from the New York State Equal Pay Act claim under NYLL § 194. Def.'s Br. 9; Def.'s Reply Br. 1. Plaintiffs argue that Nassau County is not a "governmental agency"

because "Nassau County is a municipal government, it cannot also be an agency of the same government pursuant to the provisions of the NYLL." Pls.' Br. 5; *see also* DE 42-3 at 21-22.

Under Federal Rule of Civil Procedure 17(b), "an entity is suable in federal court only if it would be suable under the laws of the state where it was created." *Arciello*, 2019 WL 4575145, at *7. NYLL § 194 "prohibits employers from adopting pay disparities on the basis of sex." *Eng v. City of New York*, No. 15-CV-1282 (DAB), 2017 WL 1287569, at *3 (S.D.N.Y. Mar. 29, 2017); *see also Hodgson v. City of New York*, No. 12-CV-1634 (HB), 2013 WL 840874, at *6 (S.D.N.Y. Mar. 7, 2013). However, because NYLL § 190(3) provides that "[t]he term 'employer' shall not include a governmental agency," courts have held that plaintiffs cannot bring suit under NYLL § 194 against a governmental agency. *Eng*, 2017 WL 1287569, at *3 (holding that the City of New York is a governmental agency under NYLL § 190(3)); *see also Hodgson*, 2013 WL 840874, at *6 (same).

In *Arciello v. County of Nassau*, Judge Spatt analyzed whether the County of Nassau qualified as a governmental entity under NYLL § 190(3) in the context of a similar claim under NYLL. 2019 WL 4575145, at *7-8. Plaintiffs there argued that "the County is not an exempt governmental agency under NYLL § 190(3) because it is not a subdivision of a municipality, it is the municipality itself." *Id.* at *7. Rejecting plaintiffs' argument, Judge Spatt concluded that "Nassau County is a governmental agency within the meaning of the NYLL." *Id.*

Thus, in *Arciello*, Judge Spatt rejected the precise argument that plaintiffs make here that the County cannot be a governmental agency because it cannot be a subdivision of itself.[2] Pls.' Br. 5; *cf.* 2019 WL 4575145, at *7. As in *Arciello*, the County of Nassau is a governmental

---

[2] The *Arciello* case involved the same plaintiffs' and defendant's counsel as in this case.

entity within the meaning of NYLL § 190(3), and thus, plaintiffs' New York State Equal Pay Act claim under NYLL § 194 must be dismissed with prejudice.[3]

*3. Leave to Replead*

Both parties seek leave to replead. Plaintiffs seeks leave to replead the complaint in the event that the complaint does not state a plausible claim for relief. Pls.' Br. 13. Defendant seeks leave to amend the amended answer to raise affirmative defenses under the federal Equal Pay Act. Def.'s Br. 16.[4]

As Judge Pauley held,

> Leave to amend a pleading shall be "freely give[n] ... when justice so requires," Fed. R. Civ. P. 15(a), and should not be denied unless: (1) the movant acts in bad faith, (2) the amendment sought will be futile, (3) the motion is filed after undue delay, or (4) granting leave to amend would prejudice the adverse party, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision to grant or deny is within the discretion of the district court. *Foman*, 371 U.S. at 182; *United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

*Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 17-CV-2614, 2020 WL 42245, at *1 (S.D.N.Y. Jan. 3, 2020). The "'permissive standard' of Rule 15 'is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Loreley Financing (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). "When a motion to

---

[3] Plaintiffs also argue that because defendant did not previously assert the affirmative defense that the County is not a governmental agency under NYLL § 190(3), that argument is waived under Rule 8(c). Pls.' Br. 9. However, as held by Judge Spatt, "a party may raise an affirmative defense for the first time in a Rule 12(c) motion," and the affirmative defense may even be raised for the first time as late as the summary judgment stage. *Arciello*, 2019 WL 4575145, at *4-5. Here, the affirmative defense is not waived as defendant is entitled to raise it as part of the Rule 12(c) motion, and plaintiffs had notice and opportunity to respond to the arguments in the context of this motion. *Cf. id.* at *5.

[4] In light of the dismissal with prejudice of the New York State Equal Pay Act claim, defendant's request to amend the Amended Answer to add affirmative defenses against NYLL § 194 is moot.

7

dismiss is granted, the usual practice is to grant leave to amend the complaint." *Eliya, Inc. v. Kohl's Corp.*, No. CV 15-2123(JFB)(GRB), 2016 WL 929266, at *8 (E.D.N.Y. Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 929321 (E.D.N.Y. Mar. 9, 2016) (citation omitted).

Here, the Court grants both parties leave to replead. There is no evidence of bad faith, undue delay, or prejudice at this early juncture. Furthermore, neither amendment of the complaint nor the Amended Answer would be futile. *See* Pls.' Br. 13 (discussing some of the similarities and differences between PCOs and FCTs); Def.'s Br. 16 (seeking to add the affirmative defense that "any differential in pay between the PCOs and the FCTs is 'based on any other factor other than sex,' under 29 U.S.C. § 206(d)(1)(iv)). As both parties cite, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities. . . . The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action." Def.'s Br. 17 (quoting *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)); Pls.' Br. 13 (citing same).[5]

## CONCLUSION

Based on the foregoing, defendant's motion for judgment on the pleadings is hereby GRANTED. The federal Equal Pay Act claim is dismissed without prejudice, and the New York State Equal Pay Act claim is dismissed with prejudice. Plaintiffs are directed to file its amended

---

[5] The Court notes that several of the named plaintiffs appear to be male. Plaintiffs' counsel should carefully consider whether male PCOs have standing in this action. Furthermore, it has been brought to the Court's attention that one named plaintiff may be deceased. The parties shall take steps under Federal Rule of Civil Procedure 25, if appropriate.

complaint within fourteen (14) days of this Memorandum and Order. Defendant is directed to file a second amended answer within fourteen days (14) after the plaintiff's service of the amended complaint.

**SO ORDERED.**

Dated: Central Islip, New York
   February 26, 2020             /s/ Gary R. Brown
                       GARY R. BROWN
                       United States District Judge