```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DANIELLE DAVIDSON, SUSAN
CHODKOWSKI, MATTHEW SARTER, WENDY
NEAL, DEBORAH PEDENZIN, ROSANNA
LAURO, BENJAMIN MASTRO, and all others
similarly situated,

                        Plaintiffs,                                        ORDER
                                                                     18-CV-01182 (JMW)
            -against-

COUNTY OF NASSAU,

                        Defendant.
----------------------------------------------------------------X
```

**WICKS,** Magistrate Judge:

Plaintiffs, police communication operators ("PCOs") and police communication operator supervisors ("PCOSs") commenced this lawsuit pursuant to the Equal Pay Act of 1963 (the "Equal Pay Act"), 29 U.S.C. § 210 *et seq.* and analogous provisions of New York Labor Law ("NYLL") alleging that Defendant County of Nassau paid Plaintiffs, who are predominantly female, substantially less compensation than their predominantly male fire communication technicians ("FCTs") and fire communication technician supervisors ("FCTSs").

Having commenced the discovery phase of litigation, Plaintiffs now seek to compel discovery responses on the issues of holiday pay, shift differentials, and payment of mileage allowance as to the PCOs and PCOSs as well as the FCTs and FCTSs. (DE 121.) Defendant opposes the motion, contending that the existing amended complaint fails to include any allegations sufficient to warrant discovery on these issues. (DE 122.)[1]

"The purpose of discovery is to allow the parties to litigate based on complete information because '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 643 (S.D.N.Y. 2019) (quoting *Hickman v. Taylor,*

---

[1] Plaintiffs are in the process of briefing a motion to further amend the complaint which has not yet been filed.

329 U.S. 495, 507 (1947)). Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party[.]" Fed. R. Civ. P. 26(b)(1). "Relevance" in discovery is notably broad, being defined as information that is reasonably calculated to lead to the discovery of admissible evidence. *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991).

The Court concludes that the information sought by Plaintiffs here—responses on the issues of holiday pay, shift differentials, and payment of mileage allowance as to the PCOs and PCOSs as well as the FCTs and FCTSs—is relevant and proportionate to this EPA action and thus discoverable. The amended complaint is replete with allegations concerning the pay disparities among PCOSs and PCOSs as compared to FCTs and FCTSs. (*See generally* DE 92.) Thus, the information sought by Plaintiff regarding holiday pay, shift differentials, and payment of mileage allowance constitutes relevant, discoverable information pertinent to Plaintiffs' EPA and NYLL claims.[2]

As such, Plaintiff's motion to compel is granted. Accordingly, oral argument previously scheduled for March 17, 2022 is hereby cancelled.

Dated:   Central Islip, New York
         March 14, 2022

                                                        **S O   O R D E R E D:**

                                                        /s/ *James M. Wicks*
                                                        _____
                                                           JAMES M. WICKS
                                                        United States Magistrate Judge

---

[2] The parties are at loggerheads over whether Defendant's objections to the demands were sufficiently raised. (*Compare* DE 121 *with* DE 122). Despite the adamantine positions of both, the Court need not decide whether the issue of whether the objections were sufficiently raised in light of the decision above. The Court assumed for purposes of this motion that objections were raised and preserved.

2